Unkun-Koya? Good morning, Mr. White. Good morning. May it please the Court, my name is Daniel White of Milbank-Tweed-Hadley-McCloy, arguing on behalf of appellee Sean Unkun-Koya. In this case, Mr. Unkun-Koya has pled facts, alleging that he was detained for 28 days as a result of the appellant county prosecutor's interference with his arraignment on four charges for which he was arrested without warrant. Why do you say he was arrested on those charges? If a police officer thinks that someone has committed a number of crimes and he goes to that person's door and arrests him and says, I think I have probable cause that you've committed a million crimes, and then they show up as they're required to do at a prosecutor's office preparatory to going to a judge, and the prosecutor says, look, I don't want to even evaluate whether you've got probable cause on all these things, one will do. Let's just go before the judge and justify the arrest on the basis of one of the things you think you have probable cause on. Why is that not a prosecutorial decision about what charges to pursue or not pursue at that time? So in this case, there are facts alleged in the complaint that the criminal complaints were prepared well in advance. Let's stick with my example first. The officer thinks and tells the suspect that he or she has probable cause to believe there are multiple crimes. Is there some obligation on the part of the officer to have him arraigned on everything that the officer thinks he may have done or thinks he has probable cause to believe? There is an obligation for him to be arraigned on those charges upon which he will be prosecuted. Well upon which at that moment someone wants to prosecute him. The prosecutor could decide, let's put these all to a grand jury and see what the grand jury thinks before we arraign anybody or proceed further with anything. What we're here to do today, the prosecutor might decide, is to have a magistrate determine whether there is probable cause that justified that arrest and justifies going forward with a proceeding. If the prosecutor makes that decision, and again for the moment I'm saying let's assume the officer did not write up those charges in some way or swear an affidavit but just told the suspect, I think I've got probable cause for a thousand crimes by you. Assuming your hypothetical scenario where there are only two charges filed with the court. Only one maybe. Only one maybe. The fact that there is probable cause determined on that charge still does not foreclose claims for Fourth Amendment violations pertaining to continued detention that's not justified. Why would the detention not be justified if the judge says you have probable cause to have arrested this man? Maybe, in fact when I look at it, the prosecutor and then the judge might say, I think the officer was wrong about everything, except I do find that under New York State law there is probable cause to believe that the defendant committed a totally different charge violation and therefore the arrest is justified and on that claim you can proceed and let's go and set bail now. In a recent case, Manuel v. City of Joliet, Illinois, the Supreme Court held that even when legal proceedings are properly commenced there can still be Fourth Amendment violations. There can be all kinds of violations. The violation you are raising is a violation that you say the officers, with the collusion of the prosecutor, were required to present to judges probable cause for various crimes that the prosecutor decided at that moment not to bring forward. So I'm not asking about whether there can still be Fourth Amendment violations in continued detention. I'm asking you about this violation. Is that a violation? The record reflects that the prosecutor didn't make a determination. You know, I keep asking you a question about my hypothetical. Then I'm going to ask you about some of the actual facts. I want to know, are you saying that the prosecutor can decide, we're not going to think about those other charges now. We're going to justify this arrest based on one thing and that's going to be good enough and I don't need to address the other charges. I'm not saying you don't have probable cause, Officer Jones. I'm not saying you do. I'm saying let's just do one today and that will get us by. That's good enough for today's proceeding. That's good enough to get us bail. We'll even tell the judge, we've actually got a few other things up our sleeve. This investigation is continuing and see what the judge thinks about what under those circumstances the bail should be. Is there anything that has happened that violates anybody's rights, A, and B, even if there were, is that not a decision that a prosecutor makes about how to proceed with bringing charges in the case? To answer your first question, that is an appropriate way of proceeding. To answer your second question, I'm sorry, can you repeat? Isn't it a decision for the prosecutor to make, not for the police officer to make, at that point, whether we're proceeding on one charge or on six or on 500? It is absolutely the prosecutor's decision to determine whether they're proceeding on one or five or ten charges. And that decision is changeable, subject to change. Today we're proceeding on one charge, but the prosecutor is also making a tactical decision and we're going to investigate further, we're going to present to the grand jury the other five or the other thousand. And that is correct, but once the prosecutor determines that they will be proceeding on those charges, the individual has a right to be arraigned. Was he not arraigned after there was an indictment? He was arraigned following the indictment. So wasn't that the point at which it was determined by a grand jury that they were going to proceed on three charges, not on six, not on a thousand, not on whatever the cop thought might have been appropriately charged, but on three separate charges? But that still doesn't retroactively justify the failure for him to be able to make bail and obtain his liberty prior to that. Why wasn't he, the reason he wasn't able to make bail is because the judge, who knew that there were other possible charges, took all of the circumstances into account and set bail. Now maybe he shouldn't have set bail taking those other charges into account, or maybe even taking those other charges into account, he should have set a lower bail, but that's not what we're here about. We're here because you are asserting that there was an obligation on the officers with which the prosecutor interfered to have him arraigned on charges that the officer thought there was probable cause to pursue, but that for whatever reason, the prosecutor decided not to pursue at that time, not to file at that time. And that's so, you know, because the next question I was going to ask you is, and so why would it make a difference to go to the facts of this case that the officer took the trouble of composing an affidavit, which he had in his pocket the whole time, saying here's my probable cause for some of the other charges, an affidavit that is never filed anywhere, that never becomes the basis for a charge in any court, because the basis for the charge is a grand jury indictment that's based on some of the same charges. I mean, the officer did present those charges to the court, and there in fact was a court order to have Mr. Ogunkoya arraigned on those other charges. So there's some violation of a state court order is what you're really complaining about? There's a larger violation of his right to obtain pretrial release. You know, his right to be free from incarceration was infringed. Were there any other actions that you allege the prosecutors took apart from failing to have him arraigned? I mean, it's troubling that he was arrested, the magistrate judge here said it was without probable cause. He was unable to obtain release for 28 days, and the magistrate judge in the district court went over those circumstances in some detail. But in addition to what Judge Lynch has been focusing on, the failure to arraign and the nature of your argument about an obligation that you believe they had to arraign, was there any other intervention or any other action that they took to prevent his release? Yes, Your Honor, the county prosecutors, it is alleged, actively instructed the police officers not to have him arraigned on those charges. And they actively instructed, they said, you know, you're going to take him to whatever other counties there were nearby to have him arraigned, but we don't want you to do that. Yes, they said to hold off on having him arraigned, and they also contacted the Greece town clerk and had the clerk hold off on scheduling Mr. Ogunkoy's arraignment. And how would that have led to a lower bail, if they had let him go to Greece? Well, it's not just that it may have led to a lower bail, but there's a certain uncertainty that's injected into the process that caused the bail bondsman to refrain from extending bail. Is that not the same uncertainty that exists every day in this courthouse, when an assistant United States attorney says to a magistrate judge, judge, this fellow is here, here's the complaint that we're filing, it's got this one charge, you should understand that there's a continuing investigation, and that we think this is the tip of an iceberg, we're to the grand jury, there may be more charges in this case. And at that point, a couple of things happen. One is the magistrate judge may take that into account in deciding, I'm saying may is permitted to, might take that into account in setting the bail. And secondly, if some bail bondsman is sitting in the room listening to that, the bail bondsman might think, oh my God, this guy is going to have all kinds of reason to run, I'm not going to present, no matter what bail the magistrate judge sets, I'm not going to get involved with this one, because I can see that there's trouble ahead. How is that different than what happened here? I think in the hypothetical scenario that you're describing, it's clear that those charges haven't been initiated and are already forming the basis for his prosecution. I think that is the uncertainty here, whether he was or is not actually charged and facing prosecution on those charges. But he's only- I don't think the prosecutor still at any point in that process, including in Judge Lynch's hypothetical, still have the right, if you will, as prosecutor, it's part of his or her job to ultimately determine whether to bring those other charges. So aren't you in the same conundrum? It is the . . . you are correct, it is the prosecutor's role to decide whether to bring those charges. But the instruction here was not whether to bring or not bring the charges. The instruction here was to hold off on having him arraigned on charges that were . . . The police officer had in mind that had to be brought in different venues. The court had ordered to have the suspect arraigned on. Do any of your claims rest on what the magistrate judge found with respect to the absence of probable cause entirely with respect to all of the charges? There are other claims at issue involving malicious prosecution and lack of probable cause for all of the charges, even the ones that were initially . . . he was initially arraigned on. But those charges are not being . . . But they were indicted, right? They were . . . ultimately were indicted charges. Yes. They were . . . So an entity charged with finding probable cause did find probable cause? Yes, that is correct. And those charges, those claims are not brought against the prosecutors, the other claims? Those other claims are . . . Those are not brought against . . . Yes, these are against the prosecutors. And that's because it's the prosecutor's job to decide whether there's probable cause and to proceed, at least to the extent of enough of an argument for probable cause to proceed and present a claim, and then it's up to the magistrate judge to decide what to do in that circumstance. Thank you. Well, I'm out of time if there's no further questions. Thank you. Thank you, Mr. White. We'll reserve decision.